STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH CHIARELLO AND ANGELO COVELLO, DEFENDANTS-APPELLANTS.

Argued November 1, 1954—Decided December 13, 1954.

*Mr. James F. McGovern, Jr.,* argued the cause for the appellants (*Mr. Louis P. Caroselli,* on the brief).

*Mr. Frank J. V. Gimino,* Assistant Prosecutor of Hudson County, argued the cause for the respondent (*Mr. Frederick T. Law,* County Prosecutor).

The opinion of the court was delivered by

VANDERBILT, C. J.    On August 13, 1953 two complaints were filed in the Municipal Court of North Bergen charging the defendants with committing an atrocious assault and battery on August 11, 1953.    Thereafter the defendants appeared before the municipal magistrate who ordered that they be held to await the action of the grand jury.    On November 17, 1953 the Hudson County grand jury returned an indictment against both defendants, the first count charging an atrocious assault and battery contrary to the provisions of

*N. J. S.* 2*A* :90–1 while the second count alleged an assault and battery in violation of *N. J. S.* 2*A* :85–1.

On March 30, 1954 the defendants were tried on both counts of the indictment in the County Court before a jury, which found them not guilty of atrocious assault and battery charged in the first count, but guilty of assault and battery under the second count. Thereafter a motion was made to set aside the conviction on the ground that the County Court had no jurisdiction over assault and battery, which became a disorderly persons offense on January 1, 1952. The trial judge denied the motion on the ground that although simple assault and battery itself was no longer a crime in New Jersey, where it exists as a component part of a greater crime over which the court does have jurisdiction the court may enter a judgment of conviction. The county judge sentenced both defendants to six months in the county jail and it is from this conviction that the appeal is taken. We certified the appeal on our own motion while it was pending in the Appellate Division.

It is to be noted that the offense, the indictment and the trial were long after January 1, 1952, the effective date of *N. J. S.* 2*A* :170–26, providing among other things that:

"Any person who commits an assault or an assault and battery is a disorderly person."

Obviously the defendants should have moved to dismiss the second count of the indictment relating to simple assault and battery because it was no longer an indictable offense. The State had a like responsibility for the same reason and the trial judge should have acted on his own motion.

The trial court in denying the defendants' motion stated:

"Upon the argument it was contended that what the court has before it is an exclusive case of assault and battery, since that is the charge as framed separately in the second count upon which the verdict was expressly rendered. I find the contention to be without merit. A separate count for assault and battery secondary to a prior count for a crime that includes assault and battery is *surplusage*,

for the reason that such a second count contains nothing that is not entirely within the scope of the first count."

Yet in charging the jury the trial court not only defined simple assault and battery, but instructed the jury:

"The indictment is in two counts. The first count charges the atrocious assault and battery, which I have defined to you, and the second count charges the simple assault and battery."

In view of this charge it is clear that the jury could not help but think of simple assault and battery as a separate offense on which they were to pass. Nowhere were they charged that simple assault and battery was an offense included in the indictable offense of atrocious assault and battery without a separate count in the indictment. To them the second count was by no means surplusage for, as the trial court rightly says in the portion of its opinion just quoted, it was on the second count for simple assault and battery that the jury verdict of guilty was expressly rendered.

In these circumstances it can hardly be argued that the jury's verdict was returned on the first count of the indictment charging atrocious assault and battery. There can be no doubt that the jury was misled into thinking that it could bring in a separate verdict on the count charging the crime of simple assault and battery. The charge is therefore fatally defective.

Our decision handed down today in *State v. McGrath*, 17 *N. J.* 41, is dispositive of this case on the merits. In that case we dealt with the identical legal question and held, following *State v. Maier*, 13 *N. J.* 235 (1953), that jurisdiction over the disorderly persons offenses of simple assault and simple assault and battery is in the municipal court and that therefore any count of an indictment charging such offense must be dismissed.

The judgment below is reversed.

HEHER, J. (dissenting). I would affirm the judgment of conviction for the reasons stated in the dissenting opinion filed in *State of New Jersey v. McGrath*, 17 *N. J.* 41.

OLIPHANT and BURLING, JJ., concur.

*For reversal*—Chief Justice VANDERBILT, and Justices WACHENFELD, JACOBS and BRENNAN—4.

*For affirmance*—Justices HEHER, OLIPHANT and BURLING—3.